**SUBURBAN CONSTRUCTION CO., INC.**

v.

**SENTRY INSURANCE, A Mutual Company.**

**Civ. A. No. 90–379–M.**

United States District Court, D. New Hampshire.

Jan. 4, 1993.

---

Christine M. Rockefeller, Dover, NH, for plaintiff.

Michael F. Aylward, Boston, MA, for defendant.

## MEMORANDUM ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

McAULIFFE, District Judge.

### I. *Background.*

This case arises from an underground gasoline storage tank leak that occurred sometime in 1987. Following a denial of insurance coverage, Suburban Construction Co., Inc. ("Suburban") sought a judicial declaration of coverage for claims related to the leak under policies it purchased from Sentry Insurance ("Sentry").

By order dated July 28, 1992, this court denied Sentry's initial Motion for Summary Judgment against Suburban (document no. 22), based upon Sentry's failure to submit affidavits establishing the validity of contract documents upon which it relied, that is, copies of its 1987 Comprehensive Liability Policy No. 88–76723–02 and its 1987 Umbrella Policy No. 88–76723–03.

Sentry has since filed a Renewed Motion for Summary Judgment (document no. 37) and, responding to the court's earlier order, it attached "true and accurate copies" of the 1987 policies, as well as an Affidavit from Sentry's Underwriting Manager attesting to their authenticity. Objecting to Sentry's renewed summary judgment motion, Suburban asserts that Sentry has still failed to establish that the terms of certain Pollution Exclusion Endorsements (upon which Sentry relies in denying coverage) were actually part of the insurance contracts in effect when the gasoline leak occurred.

### II. *Standard of Review.*

Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986), *motion denied*, 480 U.S. 903, 107 S.Ct. 1343, 94 L.Ed.2d 515 (1987). If the moving party carries its burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. Fed.R.Civ.P. 56(e). However, no defense to an insufficient showing is required. *Santoni v. Federal Deposit Ins. Co.*, 677 F.2d 174, 179 (1st Cir.1982). A genuine factual issue is one which reasonably could be resolved in favor

of either party. *Anderson*, 477 U.S. at 250–51, 106 S.Ct. at 2511.

## III. *Discussion.*

■ In denying coverage to Suburban, Sentry relies upon the explicit terms of Pollution Exclusion Endorsements allegedly included in Suburban's policies. Suburban does not vigorously, or even directly, deny that the Pollution Exclusion Endorsements were part of its policies. Instead, Suburban asserts that Sentry has failed to demonstrate that the Pollution Exclusion Endorsements *were in fact* part of the relevant policies.

Neither party has been able to locate the original policies, or even accurate reproductions, and Suburban presumably (and appropriately) hesitates to expressly deny the existence of contract terms on recollection alone. Nevertheless, Suburban's challenge is adequate, in light of the record presented, to demonstrate that a material issue of fact remains in genuine dispute sufficient to preclude summary judgment.

■ The interpretation of a contract presents a mixed question of law and fact. While interpretation of unambiguous contractual terms presents questions of law, contract interpretation involves questions of fact where terms are ambiguous. Where the existence of an intent to contract is dependent on evidence from which differing inferences may reasonably be drawn, the question becomes one of fact. *Stock Market Software, Inc. v. Standard & Poor's Corp.*, No. 87–2468–S, 1990 WL 180706 (D.Mass. Oct. 26, 1990). *See also American Private Line Services, Inc. v. Eastern Microwave, Inc.*, 980 F.2d 33 (1st Cir.1992). Whether parties have modified an existing contract is also a question of fact where the evidence is conflicting or uncertain. *Simpson v. Norwesco, Inc.*, 583 F.2d 1007, 1012 (8th Cir.1978); *St. Mary's Bank v. Cianchette*, 99 F.Supp. 994, 998 (D.Me.1951).

The factual issue in dispute here does not involve interpretation, but the very existence of an insurance contract. Did the parties, or did they not, modify the 1987 policies by including the Pollution Exclusion Endorsement terms?

Because neither Sentry nor Suburban can yet locate either the original insurance policies or accurate reproductions, Sentry relies upon "reconstructions," which include the Pollution Exclusion Endorsements. Apparently, Sentry's efforts are based "solely upon paper office files ... [which] consisted of the Declarations page of each policy, listing the endorsements to the policy, and the internal ratings worksheets for the policy." Affidavit of William Speaker, ¶ 6. Using these documents, Mr. Speaker "reconstructed the policies, number 88–76723–02 and 88–76723–03, which were issued by Sentry to Suburban Construction." Affidavit of William Speaker, ¶ 12.

No evidence has been produced establishing that Sentry actually notified Suburban of the Pollution Exclusion modification. Although it is not entirely clear from the materials provided to the court, it appears that nowhere in the original declaration sheet for policy number 88–76723–02 or 88–76723–08 did Sentry make reference to the Pollution Exclusion Endorsement which it now invokes to deny coverage.

Additionally, as noted in this court's prior order, the Pollution Exclusion Endorsement sheets provide a signature block for Suburban's execution, presumably to memorialize acknowledgement and acceptance of the proposed contract modification. Sentry has not, and apparently cannot, produce originals or exact copies of the 1987 Pollution Exclusion Endorsements actually signed by Suburban. Nor has Sentry produced other evidence upon which a court could conclude, as a matter of law, that Suburban agreed to be bound by the terms of these modifying endorsements, or even that those endorsements were at least delivered to Suburban in a timely fashion. It may well be that Suburban accepted the proposed modifications in some manner, but the record is generally silent on that point as well.

■ The modification of an insurance policy is governed by rules applicable to contract modification. *Trombly v. Blue*

*Cross/Blue Shield of N.H.-Vt.*, 120 N.H. 764, 423 A.2d 980 (N.H.1980). Because the 1987 Pollution Exclusion Endorsements materially changed the insurance contracts as originally executed, and because Sentry now claims the benefit of those modified terms, Sentry necessarily bears the burden of establishing that those changes were accepted by Suburban. *SAPC, Inc. v. Lotus Development Corp.*, 921 F.2d 360, 363 (1st Cir.1990); *Amerdyne Industries, Inc. v. POM, Inc.*, 760 F.2d 875, 877 (8th Cir. 1985). In addition to principles of contract law, an applicable New Hampshire statute[1] also places the burden of proof on Sentry in this context. New Hampshire Revised Statutes Annotated, Chapter 491:22–a, provides:

> In any petition under RSA 491:22 to determine the coverage of a liability insurance policy, the burden of proof concerning the coverage shall be upon the insurer whether he institutes the petition or whether the claimant asserting coverage institutes the petition.

N.H.Rev.Stat.Ann. § 491:22–a (1991).

Sentry has not established that both parties agreed to modify the 1987 insurance contracts by incorporating the terms of the Pollution Exclusion Endorsements. *See Stock Market Software, Inc. v. Standard & Poor's Corp.*, No. 87–2468–S, 1990 WL 180706 (D.Mass. Oct. 26, 1990). On the record currently before the Court, it "appears that the question of fact as to the existence of such a [modified] contract is in equilibrio" as between Suburban and Sentry. *Farley v. Hill*, 150 U.S. 572, 576, 14 S.Ct. 186, 188, 37 L.Ed. 1186 (1893).

Because there remains a genuine issue concerning a material fact (i.e., what the terms of the relevant contracts actually are), and because that issue cannot be resolved in favor of Sentry as a matter of law on the current record, summary judgment is not available. Accordingly, Sentry's Re-

newed Motion for Summary Judgment (document no. 37) is hereby denied.

SO ORDERED.

---

1. Because the question of which party bears the burden of proof in this context is a matter of substantive, not procedural, law, the law of New Hampshire shall govern. *Fireman's Fund Insurance Co. v. Videfreeze Corp.*, 540 F.2d 1171, 1174 (3d Cir.1976), *cert. denied*, 429 U.S. 1053, 97 S.Ct. 767, 50 L.Ed.2d 770 (1977).